UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON, | CASE NO. 1:09-cv-1924-OWW-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | (ECF No. 15) |
| RON D. HANSEN, et al., | PLAINTIFF MUST NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM OR FILE AMENDED COMPLAINT BY FEBRUARY 18, 2011 |
| Defendants. | |

Plaintiff Iren Anderson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 10, 2010, the Court screened Plaintiff's Complaint and found that he stated a cognizable claim for excessive force but that his remaining causes of action failed to state a claim. (ECF No. 15.) The Court ordered Plaintiff to notify it of his intent to proceed only on the cognizable claim or to file an amended complaint. The Court gave Plaintiff thirty days to file his response. Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this action. (Id.) Plaintiff has since filed nothing.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

1

1  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based
2  on a party's failure to prosecute an action, failure to obey a court order, or failure to comply
3  with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal
4  for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
5  1992) (dismissal for failure to comply with an order requiring amendment of complaint);
6  Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of
7  prosecution and failure to comply with local rules).

8      More than thirty days have passed and Plaintiff has not responded to the Court's
9  December 10, 2010 Order.  Accordingly, not later than **February 18, 2011**, Plaintiff shall
10 either notify the Court whether he wishes to proceed on the cognizable claim or file an
11 amended complaint.  Plaintiff is hereby on notice that failure to meet this deadline will
12 result in dismissal of this action for failure to prosecute.

15 IT IS SO ORDERED.
16 Dated:   January 28, 2011                 /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

2