1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

IREN ANDERSON,

        Plaintiff,

   v.

JAMES D. HARTLEY, et al.,

        Defendants.

_____
/

CASE NO.   1:09-cv-1924-LJO-MJS (PC)

FINDINGS AND RECOMMENDATION THAT DEFENDANTS' LEWIS AND HARTLEY'S MOTION TO DISMISS BE DENIED

(ECF No. 28)

OBJECTIONS DUE WITHIN THIRTY DAYS

15

16

      Plaintiff Iren Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

17

18

19

20

21

22

23

24

25

26

27

28

      On March 31, 2011, the Court screened Plaintiff's First Amended Complaint and found that it stated a claim against Defendant Hartley for failure to protect and Defendant Hansen for excessive force, but failed to state a claim in all other respects. (ECF No. 18.) The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (Id.) On April 5, 2011, Plaintiff filed a Second Amended Complaint. (ECF No. 19.) On April 21, 2011, the Court screened Plaintiff's Second Amended Complaint and found that he had stated a claim for excessive force against Defendant Hansen, for failure to protect against Defendant Hartley, and for failure to intervene against Defendant Lewis. (ECF No. 20.) Plaintiff submitted the required service documents for these three Defendants and the United States Marshall effectuated service. (ECF Nos. 21 & 22.) Defendants Hansen, Hartley, and Lewis filed an Answer. (ECF No. 25.)

1    In addition to their Answer, Defendants Hartley and Lewis filed a Motion to Dismiss.

2    (Mot., ECF No. 28.)  Plaintiff has filed an Opposition to Defendants Hartley and Lewis'

3    Motion to Dismiss (Opp., ECF No. 31), and Defendants Hartley and Lewis filed a Reply

4    (Reply, ECF No. 32).  The Motion to Dismiss is now ready for ruling.

5    At the outset, the Court notes that the Motion to Dismiss raises challenges to the

6    pleadings that necessarily were addressed by the Court in its screening orders.  The Court

7    does not find anything in the Motion to Dismiss to cause it to reconsider its last screening

8    order.  Nevertheless, the Court will once again address the points raised by the Motion

9    to Dismiss even though they are essentially the same as those already addressed in that

10   screening order..

11   **I.    LEGAL STANDARD**

12   "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v.

13   California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a

14   short and plain statement of the claim showing that the pleader is entitled to relief . . . ,"

15   Fed. R. Civ. P. 8(a)(2).   "To survive a motion to dismiss, a complaint must contain

16   sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

17   Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly,

18   550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572

19   F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting

20   this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

21   Detailed factual allegations are not required, but "[t]hreadbare recitals of the

22   elements of a cause of action, supported by mere conclusory statements, do not suffice,"

23   Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required

24   to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th

25   Cir. 2009) (internal quotation marks and citation omitted).

26

27

28

1  **II.  ANALYSIS**

2    **A.  Claim Against Defendant Lewis**

3      Defendant Lewis moves for dismissal pursuant to Federal Rule of Civil Procedure

4  12(b)(6).  Defendant Lewis argues that Plaintiff's Second Amended Complaint fails to

5  make any factual allegations against him and, therefore, fails to state a claim upon which

6  relief can be granted.

7      The Ninth Circuit has held that "police officers have a duty to intercede when their

8  fellow officers violate the constitutional rights of a suspect or other citizen." U.S. v. Koon,

9  34 F.3d 1416, 1446-47 n.25 (9th Cir. 1994), rev'd on other grounds by 518 U.S. 81 (1996);

10 Estate of Brutsche v. City of Federal Way, 2006 WL 3734153, *5-6 (W.D. Wash. Dec.14,

11 2006).  If a bystander officer fails to fulfill this duty, he can face the same liability as

12 colleagues who directly violated the suspect's rights."  Aragonez v. County of San

13 Bernardino, 2008 WL 4948410, *6 (C.D. Cal. Nov. 18, 2008).  However, "law enforcement

14 officers are only liable for failure to intercede if they had a 'realistic opportunity' to do so."

15 Radwan v. County of Orange, 2010 WL 3293354, *24 (C.D.Cal. Aug. 18, 2010); see

16 Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).  If an officer is not present

17 during a constitutional violation, or the violation happens too quickly, there may be no

18 realistic opportunity to intercede. See id.; Knapps v. City of Oakland, 647 F.Supp.2d 1129,

19 1159-60 (N.D. Cal. 2009).

20     In the Motion, Defendant Lewis argues that the claim against him should be

21 dismissed because "the complaint is silent as to whether Defendant Lewis was actually

22 aware of the risk posed by Defendant Hansen." (Mot. at 4.) However, as the Court stated

23 in its third Screening Order (ECF No. 20), the degree of force attributed to Defendant

24 Hansen during the course of the incident was severe enough that Defendant Lewis should

25 have known that it violated the Eighth Amendment.  Plaintiff also alleged that Defendant

26 Lewis was near enough to the incident itself to intercede.   Accordingly, Plaintiff has

27 alleged sufficient facts to state a claim against Defendant Lewis for failure to protect in

28 violation of the Eighth Amendment. The Court recommends that Defendant Lewis' Motion

1    to Dismiss be DENIED.

2    **B.    Claim Against Defendant Hartley for Failure to Protect**

3    Defendant Hartley moves for dismissal pursuant to Federal Rule of Civil Procedure

4    12(b)(6).  Defendant Hartley argues that Plaintiff's Second Amended Complaint fails to

5    state a claim for failure to protect against him because there is no liability for a federal civil

6    rights violation based on respondeat superior or other theory of vicarious liability.

7    Personnel are generally not liable under Section 1983 for the actions of their

8    employees under a theory of respondeat superior.  Monell v. Dep't. of Soc. Servs., 436

9    U.S. 658, 691 (1978).  Therefore, when a named defendant holds a supervisory position,

10   the causal link between him and the claimed constitutional violation must be specifically

11   alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  In other words, "[u]nder

12   § 1983 a supervisor is only liable for his own acts. Where the constitutional violations were

13   largely committed by subordinates the supervisor is liable only if he participated in or

14   directed the violations." Humphries v. County of Los Angeles, 554 F.3d 1170, 1202 (9th

15   Cir. 2009).   However, "where the applicable constitutional standard is deliberate

16   indifference, a plaintiff may state a claim for supervisory liability based upon the

17   supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star

18   v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

19   In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a Court may consider

20   exhibits attached to the complaint, matters subject to judicial notice, or documents

21   necessarily relied on by the complaint whose authenticity no party questions. See Swartz

22   v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d

23   668, 688-689 (9th Cir. 2001).  Moreover, pro se complaints are held to less stringent

24   standards than formal pleadings by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

25   A court must construe a pro se plaintiff's "inartful pleading" liberally in determining whether

26   a claim has been stated, including pro se motions as well as complaints.  Zichko v. Idaho,

27   247 F.3d 1015, 1020 (9th Cir. 2001); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.

28   1987).  This is especially true when a plaintiff appears pro se in a civil rights case.  Ferdik

-4-

1  v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

2  Defendant Hartley argues that Plaintiff's claim against him is "too general to

3  overcome the bar to respondeat superior liability." (Mot. at 5.)  The Court did not find, or

4  even suggest that the claim against Defendant Hartley rested on respondeat superior

5  liability.  As the Court stated in its second Screening Order (ECF No. 18), Plaintiff has

6  alleged a causal link between Defendant Hartley and the constitutional violation caused

7  by Defendant Hansen.  Plaintiff alleged that Defendant Hartley had or should have had

8  knowledge of the risk created by Defendant Hansen and was deliberately indifferent to

9  that risk.  Specifically, Plaintiff alleged that multiple incidents of excessive force by

10  Defendant Hansen were brought to the attention of Defendant Hartley.  Despite having

11  knowledge of several such incidents, Defendant Hartley took no action to prevent further

12  harm to prisoners.  Instead he left Defendant Hansen in a position where he could, and

13  did, continue using excessive force on prisoners and did use such force against Plaintiff.

14  Plaintiff attached to his Second Amended Complaint one sworn statement from another

15  inmate describing Defendant Hansen's use of excessive force and alleges there were

16  other similar reports and complaints presented to Defendant Hartley before the incident

17  involving Defendant Hansen and Plaintiff. (Pl.'s 2nd Am. Compl. p. 24.)  Plaintiff has

18  alleged sufficient facts to state a claim against Defendant Hartley for failure to protect in

19  violation of the Eighth Amendment.  The Court recommends that Defendant Hartley's

20  Motion to Dismiss be DENIED.

21  **III.**  **CONCLUSION**

22  For the reasons stated above, the Court recommends the following:

23  1.  Defendant Lewis' Motion to Dismiss be DENIED; and

24  2.  Defendant Hartley's Motion to Dismiss be DENIED.

25  These Findings and Recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

27  Within thirty days after being served with these Findings and Recommendations, any party

28  may file written objections with the court and serve a copy on all parties.  Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   November 21, 2011        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE