# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES D. HARTLEY, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　/ | CASE NO.   1:09-cv-1924-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE THE ATTORNEY GENERAL'S OFFICE OF THE STATE OF CALIFORNIA<br><br>(ECF No. 30) |

　　　Plaintiff Iren Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On March 31, 2011, the Court screened Plaintiff's First Amended Complaint and found that it stated a claim against Defendant Hartley for failure to protect and Defendant Hansen from excessive force, but failed to state a claim in all other respects. (ECF No. 17.)  The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (Id.) On April 5, 2011, Plaintiff filed a Second Amended Complaint.  On April 21, 2011, the Court screened Plaintiff's Second Amended Complaint and found that he had stated a claim for excessive force against Defendant Hansen, for failure to protect against Defendant Hartley, and for failure to intervene against Defendant Lewis.  (ECF No. 20.)  Plaintiff submitted the required service documents for these three Defendants and the United States Marshall effectuated service. (ECF Nos. 21 & 22.)

　　　Defendants Hansen, Hartley, and Lewis are represented by Monica Anderson of the

1  Attorney General's Office of the State of California.  On July 28, 2011, Plaintiff filed a
2  Motion to Recuse the Attorney General's Office of the State of California.  (ECF No. 30.)
3  Defendants Hansen, Hartley, and Lewis have not filed any objections to this Motion.
4  Plaintiff's Motion is now before the Court.

5       Plaintiff argues that the Attorney General's Office of the State of California should
6  be recused because he previously filed a "Pitchess Motion" in California State Court to
7  obtain the personnel files of Defendant Hansen and an attorney from the Attorney
8  General's Office of the State of California appeared in that action.  (Mot. at 2.)  Plaintiff
9  wants to call the attorney who appeared in that state action as a material witness in this
10 current federal action.  (Id.)  Plaintiff would like the Attorney General's Office of the State
11 of California to be recused from representing Defendant Hansen because members of that
12 office might be material witnesses in this federal action.  (Id.)

13      Plaintiff has not identified any legitimate conflict of interest relating to the Attorney
14 General's Office's representation of Defendant Hansen in this matter.  Although there is
15 a general disfavor for allowing attorneys to act as witnesses in their own cases, it is not
16 expressly prohibited.  Eaton v. Siemens, No. 2:07-cv-0315, 2007 WL 2318531, at *8
17 (E.D.Cal. August 10, 2007) (pursuant to CAL. RULES. OF PROFESSIONAL CONDUCT, rule 5-
18 210(c), a client can consent to his counsel serving as both witness and advocate).  At this
19 time, there is nothing in Plaintiff's motion or elsewhere in the record to suggest any realistic
20 likelihood that the attorney from Defendant's office could be called to testify in this case.
21 There is no  basis upon which the Court could conclude that any potential testimony from
22 such a witness might have any relevance or materiality to this matter.  There is no basis
23 upon which the Court could conclude that any such proposed evidence would be disputed
24 even if relevant and material.  Thus, it is highly unlikely any such testimony will be
25 proffered.  If it is, the parties and the Court will address the issue.

26      Plaintiff has provided no valid reason for the Court to disqualify the Attorney's
27 General's Office.

28

Accordingly, Plaintiff's Motion to Recuse the Attorney General's Office of the State of California (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: December 1, 2011        /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE