# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON, | CASE No. 1:09-cv-01924-LJO-MJS (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS AND COURT COSTS |
| v. | |
| RON D. HANSEN, et al., | (ECF No. 34) |
| Defendants. | THIRTY DAY DEADLINE |
| | ORDER AMENDING DISCOVERY AND SCHEDULING ORDER |
| | (ECF No. 45) |
| | DISCOVERY CUT-OFF DATE: NOVEMBER 1, 2012 |
| | DISPOSITIVE MOTION DEADLINE: JANUARY 10, 2013 |

_____/

## I.    PROCEDURAL HISTORY

Plaintiff Iren Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint (Second Am. Compl., ECF No. 19) claims of  excessive force against Defendant Hansen, failure to protect against Defendant Hartley, and failure to intervene against Defendant Lewis. (Order Finding

Cognizable Claims, ECF No. 20.) Defendants Hansen, Hartley, and Lewis have

answered. (Answer, ECF No. 25.) Discovery in this matter closed August 23, 2012.

(Am. Discovery and Scheduling Order, ECF No. 45.)

　　　Now pending before the Court is Plaintiff's motion to compel, filed October 27,

2011, seeking Defendant Hansen's further responses to certain interrogatories in

Plaintiff's First Set Interrogatories and certain requests in his First Set Requests for

Admissions. (Mot. to Compel, ECF No. 34.)[1] On November 17, 2011, Defendants filed

opposition to the motion to compel. (Oppo. to Mot., ECF No. 39.) Plaintiff filed no reply,

and the time for doing so has passed.[2] The matter is deemed submitted for decision.

　　　For the reasons discussed below, Plaintiff's motion to compel is GRANTED IN

PART and DENIED IN PART.

## II.　**LEGAL STANDARDS**

　　　Rule 26(b) of the Federal Rules of Civil Procedure provides that any

non-privileged material "that is relevant to any party's claim or defense" is within the

scope of discovery. Information is relevant for purposes of discovery if "it is reasonably

calculated to lead to the discovery of admissible evidence," even if the information is

not admissible at trial. Id. The court may allow discovery of any material "relevant to the

subject matter involved in the action," not just the claims or defenses of each party, if

there is good cause to do so. Federal Rule of Evidence 401 defines "relevant evidence"

as "evidence having any tendency to make existence of any fact that is of consequence

to the determination of the action more probable or less probable than it would be

without the evidence." Federal Rule of Evidence 402 provides that all relevant evidence

is admissible except as otherwise provided by the U.S. Constitution, Act of Congress, or

applicable rule of Federal Rules of Evidence. "The question of relevancy should be

---

[1] Plaintiff's motion appears to seek relief only as to interrogatories 2, 10, 11, 14, 15, 19-25 and request for admissions 1, 16. Plaintiff did not properly notice any other discovery responses for which he sought relief. To the extent he intended his motion to seek additional further responses, it is denied. Walker v. Karelas, 2009 WL 3075575, *1 (E.D. Cal. 2009); Brooks v. Alameida, 2009 WL 331358, *2 (E.D. Cal. 2009).

[2] Local Rule 230(l).

construed liberally and with common sense and discovery should be allowed unless the

information sought has no conceivable bearing on the case." Soto v. City of Concord,
162 F.R.D. 603, 610 (N.D. Cal. 1995).

Relevance requires only that the evidence have "any" tendency to prove or
disprove "any" consequential fact. This test incorporates two separate components: (1)
logical relevance, meaning the evidence must have some tendency, however slight, to
make any fact more or less probable; and (2) legal relevance, meaning the evidence
must relate to a fact "of consequence" to the case, i.e., will the "fact" that the evidence
is offered to establish help in determining some issue in the case? See, Jones &
Rosen, Federal Civil Trials and Evidence (2011) Evidence, para. 8:111, p. 8B–2. If the
inference to be drawn from the evidence is the result of speculation or conjecture, the
underlying evidence is not relevant. See Engstrand v. Pioneer Hi–Bred Int'l, 946
F.Supp. 1390, 1396 (S.D. Iowa 1996). "[T]he standard of relevancy is not so liberal as
to allow a party to . . . explore matter which does not presently appear germane on the
theory that it might conceivably become so." Food Lion v. United Food & Comm'l
Workers Union, 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997).

Where otherwise discoverable information would pose a threat to the safety and
security of the prison or infringe upon a protected privacy interest, a need may arise for
the Court to balance interests in determining whether disclosure should occur.  See
Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984)
(privacy rights or interests are implicit in the broad purpose and language of Rule
26(c)); Soto, 162 F.R.D. at 616 (recognizing a constitutionally-based right of privacy that
can be raised in discovery).

A responding party that objects to interrogatories or requests for admissions is
required to state objections with specificity. Fed.R.Civ.P. 33(b)(4), 36(a)(5). If the party
requesting discovery is dissatisfied with any of the responses, the party may move to
compel further responses. Courts in the Eastern District of California have required, "at

a minimum, as the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker, 2009 WL 3075575 at *1; Brooks, 2009 WL 331358 at *2.

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2) (C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

III.   **ANALYSIS**

Plaintiff seeks a court order compelling Defendant Hansen to (1) further answer interrogatory numbers 2, 10, 11, 14, 15, 19-22,[3] and 23-25; (2) further respond to request for admissions numbers 1 and 16; and (3) pay nominal sanctions and court costs. (Mot.  to Compel, ECF No. 34.)  The Court discusses each of Plaintiff's requests below.

A.   **Interrogatories 2, 10, 11, 14, 15, 19-25**

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a).

Unless otherwise stipulated or ordered by the court, a party may serve no more than 25 written interrogatories, including all discrete subparts; a single question asking for several bits of information relating to the same topic counts as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary

---

[3] Defendant omitted these responses from his initial response, but included them with his opposition to the motion to compel. See ECF No. 39.

question." See Safeco of America v. Rawstrom, 181 F.R.D. 441, 445 (C.D. Cal. 1998); Fed. R. Civ. P. 33.

The responding party is obligated to respond to the interrogatories to the fullest extent possible, see Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. Haney v. Saldana, 2010 WL 3341939 at *3 (E.D. Cal. Aug. 24, 2010). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

All grounds for objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); see Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" the basis for objection); see also Mancia v. Mayflower Textile Services Co., 253 F.R.D. 354, 358 (D.MD. 2008) (boiler-plate objections waived any legitimate objections responding party may have had); Chubb Integrated Sys., Ltd. v. National Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections); Mitchell v. National R.R. Passenger Corp., 208 F.R.D. 455, 458 at fn.4 (D.D.C. 2002) (objections must explain how request or interrogatory is overbroad or unduly burdensome);  Pulsecard, Inc. v. Discovery Card Services, Inc., 168 F.R.D. 295, 310 (D. Kan. 1996) (objection on grounds as vague and ambiguous overruled if reason and common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

Plaintiff seeks to compel responses to Interrogatories 2, 10, 11, 14, 15, and 19-25. Having considered Plaintiff's motion, Defendant's opposition, and the relevant discovery requests and responses, the Court issues the following rulings as to each:

**Interrogatory 2:** "During the last three year period, have any complaints,

grievances or appeals been filed or lodged against you which alleged that you utilized excessive or unnecessary force?"

**Response:** "Defendant objects to this interrogatory on the ground that it is vague, compound, overbroad, burdensome and oppressive, and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant Hansen responds: I am aware of three inmate appeals filed against me, none of which were sustained."

**Ruling:** Plaintiff generally argues Defendant's response hinders, obstructs and impedes access to evidence relevant to his deliberate indifference claim. He does not address Defendant's objections.

A defendant must "clarify[ ], explain[ ], and support[ ] its objections." El–Shaddai v. Wheeler, 2009 WL 301824 at *2 (E.D. Cal. 2009). Defendant's boilerplate objections are unsupported and overruled in their entirety.

The information sought here is reasonably calculated to lead to the discovery of admissible evidence and hence within the scope of discovery. Id. However, Defendant has adequately responded to this interrogatory. The question calls for a "yes" or a "no" answer. Defendant has provided more. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 2 is DENIED.

**Interrogatory 10:** "Prior to June 17, 2008, did any inmate or prisoner under your charge or care file any complaints, grievances or appeal against you alleging you used excessive force or verbal abuse against them?"

**Response:** "Defendant objects to this interrogatory on the ground that it is vague, compound, overbroad, burdensome and oppressive, and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, De[f]endant Hansen responds: I do not recall.

**Ruling:** Plaintiff generally argues Defendant's response hinders, obstructs and impedes access to evidence. Plaintiff does not address Defendant's

objections.

Again, Defendant's blanket, unexplained, unsupported, boilerplate objections are overruled.  Each question must be answered separately and fully. Fed. R. Civ. P. 33; Pilling v. General Motors Corp., 45 F.R.D. 366, 369 (D. Utah, 1968). A defendant must "clarify[ ], explain[ ], and support[ ] its objections." El–Shaddai, 2009 WL 301824 at *2.

Moreover, Defendant cannot avoid answering by alleging ignorance if he can obtain the necessary information though reasonable inquiry; a party is chargeable with information contained in records available to the party and on due inquiry. Id. Defendant's response is inadequate. Here, the information sought, though overbroad because unlimited in time, falls within the scope of discovery. Id.  Accordingly, Plaintiff's motion to compel further responses to interrogatory number 10 is GRANTED insofar as it is here interpreted and defined to be limited in scope to the period falling within the three calendar years preceding 2008 and the first five months and 16 days of 2008. The Court finds this to be a reasonable period of inquiry. With the passage of time the potential for discovering admissible evidence diminishes and is outweighed by the burden of responding for a greater period of time.

**Interrogatory 11:** "If the answer to interrogatory No. 10, is yes, please describe, date of each such incident, and where the incident occurred?"

**Response:** "Defendant objects to this interrogatory on the ground that it is vague, compound, overbroad, burdensome and oppressive, and seeks information that is not relevant or calculated to lead to the discovery of admissible evidence.

**Ruling:** For the same reasons as stated in the ruling on Interrogatory 10 above, Defendant's response to Interrogatory 11 is inadequate. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 11 is GRANTED to the extent and with regard to the same time period as specified in the ruling on Interrogatory 10.

**Interrogatory 14:** "During your assignment as a correctional officer, have

you ever been served with a CDC form # 602, by an inmate or prisoner?"

**Response:** "Defendant objects to this interrogatory on the ground that it is va[gue], overbroad and not limited in time or scope. Defendant further objects on the grounds that it seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant Hansen responds: One of my duties as correctional officer is to receive and forward inmate 602's to the appeal's office."

**Ruling:** Plaintiff generally argues Defendant's response hinders, obstructs and impedes access to evidence relevant to his deliberate indifference claim. He does not address Defendant's objections.

Defendant's boilerplate objections are overruled.  A defendant must "clarify[ ], explain[ ], and support[ ] its objections." El–Shaddai, 2009 WL 301824 at * 2.

To the extent Plaintiff intended the discovery to ask whether Defendant has processed such forms, it would be seeking information not reasonably calculated to lead to the discovery of admissible evidence and denied on that ground. It is reasonable to interpret Plaintiff's Interrogatory No. 14 as being directed to determining whether Defendant has ever had a form # 602 filed against him personally. In that sense, Defendant's response that "one of my duties as a correctional officer is to receive and forward inmate 602's to the appeal's office" is inadequate.

 Answers must be responsive, full, complete and unevasive. Pilling, 45 F.R.D. at 369. The information sought does not need to be admissible. Fed. R. Civ. P. 26(b)(1). The information need only be reasonably calculated to lead to the discovery of admissible evidence. Here, the information sought falls within the scope of reasonable discovery. Id. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 14 is GRANTED with regard to the same time period as specified in the ruling on Interrogatories 10 and 11.

**Interrogatory 15:** "Has any prisoner or inmate ever lodged a grievance against you, as a staff complaint?"

**Response:** "Defendant objects to this interrogatory on the gr[o]unds that i[t] is [vague], ambig[uous], and not limited in time or scope. Defendant further objects on the grounds that it seeks information that is not relevant or calculated to lead to discovery of admissible evidence. Notwithstanding these objections, Defendant Hansen responds: Yes."

**Ruling:** Plaintiff generally argues Defendant's response hinders, obstructs and impedes access to evidence relevant to his deliberate indifference claim. He does not address Defendant's objections.

A defendant must "clarify[ ], explain[ ], and support[ ] its objections." El–Shaddai v. Wheeler, 2009 WL 301824 at *2 (E.D. Cal. 2009). Defendant's boilerplate objections are unsupported and overruled.

The information sought here is reasonably calculated to lead to the discovery of admissible evidence and hence within the scope of discovery. Id. However, Defendant has adequately responded to this interrogatory. The question calls for a "yes" or a "no" answer. Defendant has provided that. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 15 is DENIED.

**Interrogatory 19:** "What is the date of your birth?"

**Response:** "Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the information is confidential in nature, violates Defendant's rights to privacy, and could jeopardize the safety and security of the institutions and Defendant."

**Ruling:** Plaintiff makes no argument in support of a further response.[4]

Regardless, Defendant will not be required to disclose his date of birth. Seattle Times Co., 467 U.S. at 35 n.21; Soto, 162 F.R.D. at 616. Plaintiff has little to no need for that information. It has no potential relevancy and its disclosure would implicate

---

[4] See n.3.

Defendant's right to privacy and create safety and security risks. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 19 is DENIED without prejudice.

**Interrogatory 20:** "Have you ever been married?"

**Response:** "Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the information is confidential in nature, violates Defendant's rights to privacy, and could jeopardize the safety and security of the institutions and Defendant."

**Ruling:** Plaintiff makes no argument in support of a further response.[5] Defendant is not required to disclose his marital status. <u>Seattle Times Co.</u>, 467 U.S. at 35 n.21; <u>Soto</u>, 162 F.R.D. at 616. Plaintiff has little to no need for that information, disclosure implicates Defendant's right to privacy, and the safety and security risk to staff is obvious and substantial. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 20 is DENIED without prejudice.

**Interrogatory 21:** "Would you believe that a co-worker has stated that you are known around the institution (Avenal) as a loose canon?"

**Response:** "Defendant objects to this interrogatory on the ground that it is argumentative, vague, and calls for speculation. Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant or calculated to lead to the discovery of admissible evidence."

**Ruling:** Plaintiff makes no argument in support of a further response.[6] Regardless, the interrogatory is argumentative, inflammatory and calls for speculation. A response would not lead to the discovery of any admissible evidence. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 21 is DENIED without prejudice.

_____

[5] See n.3.

[6] See n.3.

1
2
3

        **Interrogatory 22:** "Attach a copy of any grievance, staff complaint, or appeal lodged against you which alleged excessive force; if not, explain who possesses copies?"

4
5
6
7

        **Response:** "Defendant objects to this request on the grounds that it is not an interrogatory as defined by Federal Rule of Civil Procedure. Notwithstanding these objections, Defendant Hansen responds: To my knowledge, the Custodian of Records for 602's at Avenal State prison is the Appeals Coordinator."

8
9
10
11
12

        **Ruling:** Plaintiff makes no argument in support of a further response.[7] Insofar as this interrogatory requests production of documents, Defendant's objection is valid and sustained. Moreover, Defendant's response fully addresses and responds to that portion which might be legitimate. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 22 is DENIED without prejudice.

13
14
15

        **Interrogatory 23:** "Did you create a document, on June 17, 2008, which describes an incident which occurred just outside the facility two work change building, that might contain factual inaccuracies?"

16
17
18
19
20
21
22
23
24

        **Response:** "Defendant objects to this interrogatory on the grounds that it is vague and ambig[u]ous. Defendant further objects on the grounds that it calls for specu[lation]. Defendant further objects to the interrogatory on the grounds that it exceeds the number of interrogatories that may be served under Federal Rules of Civil Procedure 33(l) because interrogatories numbers 2, 10, and 17 were compound. Notwithstanding these objections, and if Plaintiff is asking whether there "might" be factual inaccuracies in Incident Report Log No. ASP-FA2-08-06-0162, Defendant Hansen responds as follows: I do not know because I did not prepare the complete incident report. However, the portion I completed is accurate."

25
26

        **Ruling:** The Court finds this interrogatory to be unacceptably vague, ambiguous, compound and calling for speculation.

27

        The Court will not determine whether this interrogatory exceeds the permitted

28

---

[7] See n.3.

25. If a responding party answers interrogatories in excess of the 25-interrogatory limit, he waives objection based on excess interrogatories. U.S. ex rel Fago v. M&T Mort. Corp., 235 F.R.D. 11, *14-15 (D.D.C. 2006).

In any event Defendant has adequately responded to this interrogatory. Accordingly, Plaintiff's motion to compel further responses to interrogatory number 23 is DENIED.

**Interrogatory 24:** "If other witnesses of the incident which occurred on June 17, 2008, just outside the facility two work change building, describe your conduct and actions as excessive toward inmate Iren Anderson, are they telling the truth?"

**Response:** "Defendant objects to this interrogatory on the grounds that it is argumentative and an improper hypothetical. Defendant further objects on the grounds that it calls for speculation. Defendant further objects to the interrogatory on the grounds that it exceeds the number of interrogatories that may be served under Federal Rules of Civil Procedure 33 (l) because interrogatories numbers 2, 10 and 17 were compound."

**Ruling:** Defendant's objections are well-founded and sustained in all respects. Accordingly, Plaintiff's motion to compel further response to interrogatory number 24 is DENIED.

**Interrogatory 25:** "Would you be forth coming if you believed that your answer to one of the above questions might cause you to be reprimanded by your supervisors, if your conduct might have exceeded permissible bounds?"

**Response:** "Defendant objects to this interrogatory on the ground that it is argumentative, vague, ambiguous and an improper hypothetical. Defendant further objects on the grounds that it seeks information that is not relevant or calculated to lead to discovery of admissible evidence. Defendant further objects to the interrogatory on the grounds that it exceeds the number of interrogatories that may be served under Federal Rules of Civil Procedure 33(l) because interrogatories numbers 2, 10 and 17 were compound."

**Ruling:** Defendant's objections are well-founded and sustained in all respects. Accordingly, Plaintiff's motion to compel further response to interrogatory number 25 is DENIED.

### B. Request for Admissions 1, 16

The responding party may be asked to admit the truth of any fact, application of law to fact, or opinions about either, and the genuineness of any documents. Fed. R. Civ. P. 36(a). If a matter is not admitted, the responding party must specifically deny the matter or state in detail why the matter cannot be truthfully admitted or denied. Id. If a request is objected to, the grounds must be stated. Id.

Requests for admission are intended to eliminate those issues on which there are no genuine disputes between the parties. Bovarie v. Schwarzenegger, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011). Requests for admission are not a discovery device for gathering evidence, Id., and they are not intended as a substitute for other methods of discovery, Woodall v. California, 2010 WL 4316953 at *3 (E.D. Cal. Oct. 22, 2010).

Plaintiff seeks to compel further responses to request for admissions 1 and 16, each of which was denied by Defendant. Having considered Plaintiff's motion, Defendant's opposition, and the relevant discovery requests and responses, the Court rules as follows:

**Request for Admissions 1:** "That in October 2008, you were accused by a state prisoner at Avenal State Prison of battering and verbally abusing his person, by the name of Cedric Baxter?"

**Response:** "Defendant objects to this request on the grounds that it is vague, compound, and not limited in time and scope. Without waiving these objections, Defendant Hansen responds as follows: Denied."

**Ruling:** Plaintiff cites to the unsworn Declaration of Cedric Baxter, attached to his motion, in an attempt to controvert Defendant's response. Plaintiff does not address Defendant's objections.

Defendant's boilerplate objections are unsupported and overruled in their entirety. A defendant must "clarify[ ], explain[ ], and support[ ] its objections." El–Shaddai, 2009 WL 301824 at *2. "The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and as with other forms of discovery, it is well established that boilerplate objections do not suffice, e.g., Thompson v. Yates, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011).

Nevertheless, Defendant has denied this request for admissions. Accordingly, Plaintiff's motion to compel further response to request for admission 1 is DENIED.

**Request for Admissions 16:** "That during calendar year 2008 an inmate filed a prison grievance alleging that your used excessive force and injured his person?"

**Response:** "Defendant objects to this request on the grounds that it is vague, overbroad, and an improper hypothetical. Denied. I do not recall any inmate filing a grievance against me in 2008 alleging excessive force."

**Ruling:** Plaintiff cites to the unsworn Declaration of Cedric Baxter, attached to his motion, in an attempt to controvert Defendant's response to this request for admissions. Plaintiff does not address Defendant's objections.

Defendant has denied this request for admission. Accordingly, Plaintiff's motion to compel further response to request for admission 16 is DENIED.

C.      **Request for Sanctions and Costs**

Plaintiff seeks unspecified nominal sanctions and court cost. (Mot. to Compel at 6.)  Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), when a motion to compel is granted in part and denied in part, the Court may apportion the reasonable expenses for bringing the motion. The Court may also decline to apportion the expenses if it finds that the non-moving party's responses or objections are substantially justified or circumstances make the award unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, Plaintiff has not made an accounting of costs nor justified an award of sanctions. It is unlikely that he, proceeding pro se, incurred any actual expense in filing this motion. Defendant did respond to the discovery in issue and re-serve interrogatory

responses which reportedly were inadvertently omitted from the original response. (Opp'n to Mot. at 3.) Upon considering all of the circumstances, including the nature of the interrogatories and requests and finding substantial justification for Defendant's responses and objections that were sustained, the Court finds sanctions unwarranted at this time. Fed. R. Civ. P. 37(c)(d).

Accordingly, Plaintiff's request for sanctions and court costs is DENIED.

**D.    Amended Discovery and Scheduling Order**

In order to allow time for Defendant's further responses consistent with this order, and for good cause, the Court hereby amends the Amended Discovery and Scheduling Order (Am. Discov. and Sched. Order, ECF No. 45) such that the Discovery Cut-Off Date shall be November 1, 2012, and the Dispositive Motion Deadline shall be January 10, 2013.

**IV.    ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel further responses to his First Set Interrogatories and First Set Requests for Admissions, filed on October 27, 2011 (ECF No. 34), is GRANTED in part and DENIED in part as follows:

   a.    GRANTED, as and to the extent set forth above, as to interrogatories 10, 11 and 14;

   b.    DENIED as to interrogatories 2, 15, 19 and  20-25;[8]

   c.    DENIED as to request for admissions 1 and 16;

2.    Defendants have **thirty (30) days** from the date of service of this order within which to serve their further responses to Plaintiff's interrogatories 10, 11, and 14;

3.    Plaintiff's request for sanctions and court costs is DENIED; and

4.    The Amended Discovery and Scheduling Order (ECF No. 45) is hereby

[8] Denial is without prejudice as to interrogatories 19-22.

further amended such that the Discovery Cut-Off Date shall be November 1, 2012, and the Dispositive Motion Deadline shall be January 10, 2013.


IT IS SO ORDERED.

Dated:    September 13, 2012            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE