UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON,<br><br>                Plaintiff,<br><br>     v.<br><br>RON D. HANSEN, et al.,<br><br>                Defendants.<br>_____/ | CASE No. 1:09-cv-01924-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDER AND HEARING THEREON<br><br>(ECF Nos. 35, 36)<br><br>FOURTEEN (14) DAY DEADLINE |

I.   **PROCEDURAL HISTORY**

Plaintiff Iren Anderson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Defendants have declined Magistrate Judge jurisdiction. (Decline to Consent, ECF No. 46.)

This matter proceeds on Plaintiff's Second Amended Complaint (Second Am. Compl., ECF No. 19) asserting Eighth Amendment claims of excessive force against

-1-

Defendant Hansen, failure to protect against Defendant Hartley and failure to intervene against Defendant Lewis. (Order Finding Cognizable Claims, ECF No. 20.) Defendants Hansen, Hartley, and Lewis have answered. (Answer, ECF No. 25.)

Now pending before the Court are Plaintiff's motions for emergency protective order (Mot. Prot. Order, ECF No. 35) and for telephonic hearing thereon. (Mot. Conf. Call, ECF No. 36). Plaintiff contends Defendants, corrections staff at Avenal State Prison ("ASP"), are engaged in harm and harassment by their improper responses to his discovery requests, and that Defendants intend to transfer him to another California Department of Corrections and Rehabilitation ("CDC") facility out of the jurisdiction of this Court and thereby separate him from his property and legal documents for up to two months, to delay, obstruct and interfere with his prosecution of this lawsuit.[1] (Mot. Prot. Order at 1-2.) He asks the Court to conduct a telephonic hearing and issue a protective order preventing his transfer. (Id.)

Defendants have not filed any opposition and the time for doing so has passed. Local Rule 230. Plaintiff's motions are now before the Court.

## II.   **ARGUMENT**

Plaintiff alleges in this litigation that during his confinement at ASP, on June 17, 2008 Defendant Hansen used excessive force against him and Defendants Hartley and Lewis failed to protect him from Defendant Hansen. He seeks monetary and equitable relief.

In the instant motions, Plaintiff alleges Defendants, likely in reprisal for this litigation,

---

[1] Plaintiff's motion for protective order, styled as one under Fed. R. Civ. P. 26(c) fails. Such discovery relief is unavailable where, as here Plaintiff is the party propounding the discovery in issue.

intend to transfer him to another facility and impair his ability to conduct discovery and prosecute this matter. Plaintiff claims that he was not given the requisite notice of the Unit Classification Committee ("UCC") hearing on his proposed transfer. He has contacted the Secretary of the CDC, Matthew Cate, in a good faith effort to forestall his transfer. He asks that the Court hold a telephonic hearing and issue a temporary protective order preventing his transfer.

## III.  LEGAL STANDARDS

The relief Plaintiff seeks is injunctive in nature. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

## IV. ANALYSIS

Plaintiff has failed to satisfy the legal prerequisites for injunctive relief.

He has failed, at this early stage of the litigation to allege facts demonstrating a likelihood of success on the merits, either on his existing claims or on any available future claim alleging retaliation for the filing of this suit. The issues underlying his presently cognizable constitutional claims remain in dispute.

He has failed to demonstrate irreparable harm. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.")  He alleges no facts suggesting that a facility transfer and consequent temporary separation from his property and legal papers impacts his ability to pursue this litigation or will prejudice him in pursuit thereof. He does not cite to any court deadlines or requirements he is in peril of missing. Even if he were subject to pending deadlines or requirements, he does not allege that relief therefrom has been requested and denied, or is otherwise unavailable. The state is not required to enable inmates to litigate effectively. Lewis v. Casey, 518 U.S. 343, 354 (1996).

While the Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), nothing before the court suggests the alleged potential temporary property deprivation rises to the level of a due process deprivation. Plaintiff has not alleged facts suggesting a facility transfer is devoid of penological purpose, and thus can not claim constitutional harm solely on the basis of such transfer. Plaintiff has not stated facts demonstrating he exhausted his prison

appeal remedies relative to any alleged procedural deficiencies at the UCC transfer hearing. In any event, inmates do not have a constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). While prison officials may not "transfer an inmate to another prison in retaliation for the inmate's exercise of his First Amendment rights", Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995), a transfer in pursuit of a penological purpose is not retaliatory. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt, 65 F.3d at 807.

The absence of a showing of likelihood of success on the merits, and of irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or suggest that an injunction would be in the public interest.

Even if Plaintiff had satisfied the above elements for injunctive relief, it appears he has been transferred from ASP to Pleasant Valley State Prison (Notice of Change of Address, ECF No. 49), such that the injunctive relief against the named Defendants has become moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review'". Preiser, 422 U.S. 395 at 403, quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911).

In any event, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal

courts in the day-to-day-management of prisons).

Plaintiff's allegations do not support an entitlement to injunctive relief. Indeed, they tend to rule it out.

## V. CONCLUSIONS AND RECOMMENDATION

Plaintiff fails to provide facts which would enable the Court to find that he is in need of and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motions for temporary protective order and hearing thereon (ECF Nos. 35-36) be DENIED without prejudice. These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 13, 2012          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE