IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>RON D. HANSEN, et al.,<br><br>  Defendants.<br>_____/ | CASE No. 1:09-cv-01924-LJO-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 58) |

Plaintiff Iren Anderson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed November 2, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) This matter proceeds on Plaintiff's Second Amended Complaint (Second Am. Compl., ECF No. 19) claims of excessive force against Defendant Hansen, failure to protect against Defendant Hartley, and failure to intervene against Defendant Lewis. (Order Finding Cognizable Claims, ECF No. 20.) Defendants Hansen, Hartley, and Lewis have answered. (Answers, ECF Nos. 25, 43.) Discovery in this matter closed November 1, 2012. (Order Am. Discovery and Scheduling Order, ECF No. 52, at § III(D).) The dispositive motion deadline is January 10, 2013. (Id.)

Pending before the Court is Plaintiff's motion for appointment of counsel filed January 2, 2013. (Mot. Appt. Counsel, ECF No. 58.)

Plaintiff does not have a constitutional right to appointed counsel in this action,

Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).")

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, Plaintiff's claim remains in dispute and the Court can not make a determination at this stage of the litigation that Plaintiff is likely to succeed on the merits. The Eighth Amendment

1 claims in issue do not appear to be novel or unduly complex. The facts alleged to date
2 appear straightforward and unlikely to involve any extensive further investigation and
3 discovery.
4     The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
5 and standards and an ability to express same adequately in writing.
6     Finally, nothing suggests that Plaintiff has made diligent effort to secure
7 counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure
8 counsel would be futile.
9     For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No.
10 58) is HEREBY DENIED, without prejudice.

16 IT IS SO ORDERED.
17 Dated:   January 4, 2013                   /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).