# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON,<br><br>              Plaintiff,<br><br>   v.<br><br>RON D. HANSEN, et al.,<br><br>             Defendants.<br>_____ / | CASE No. 1:09-cv-01924-LJO-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SERVED JULY 17, 2012 AND EXTENDING TIME TO OPPOSE SUMMARY JUDGMENT<br><br>(ECF No. 50)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSE TO SET ONE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>(ECF No. 55)<br><br>ORDER AMENDING DISCOVERY AND SCHEDULING ORDER AS AMENDED<br><br>(ECF No. 52)<br><br>DISCOVERY CUT-OFF DATE:<br>April 4, 2013<br><br>DISPOSITIVE MOTION DEADLINE:<br>June 13, 2013 |

## I. PROCEDURAL HISTORY

Plaintiff Iren Anderson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 2, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) This matter proceeds on his Second Amended Complaint (Second Am. Compl., ECF No. 19) claims of excessive force by Defendant Hansen, failure to protect against Defendant Hartley and failure to intervene against Defendant Lewis. (Order Finding Cognizable Claims, ECF No. 20.) Defendants Hansen, Hartley, and Lewis have answered. (Answers, ECF Nos. 25, 43.)

On August 23, 2012, Plaintiff filed a Motion to Compel a further response from Defendant Hartley to a request for production of documents served July 17, 2012. That request sought prior administrative grievances, appeals and complaints relating to use of force by Defendant Hansen. (Pl. Mot. to Compel, ECF No. 50.) Defendant Hartley filed Opposition on September 12, 2012. (Def.'s Opp'n to Mot., ECF No. 51.) No reply to the Opposition has been filed and the time for doing so has expired. Local Rule 230(l).

On October 25, 2012, Defendants Hartley, Hansen and Lewis filed a Motion to Compel further responses to set one of their interrogatories and request for production of documents served May 3, 2012; they seek the identity of all witnesses supporting Plaintiff's allegations and declarations from those witnesses. (Defs.' Mot. to Compel, ECF No. 55.) No opposition has been filed and the time for doing so has expired. Local Rule 230(l).

On January 9, 2013, Defendant Hartley filed a Motion for Summary Judgment. (Mot. Summ. J., ECF No. 62.)

The foregoing Motions to Compel are now before the Court.

## II. LEGAL STANDARDS

### A. Discovery Generally

Plaintiff is proceeding pro se as a state prisoner challenging his conditions of

confinement. As a result, the parties are relieved of some requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Discovery and Scheduling Order, ECF No. 26, ¶5.

However, regardless of Plaintiff's incarceration, this is a civil action to which the Federal Rules of Civil Procedure apply, and the discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Nonetheless, the Court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v.

Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding. E.g., Marti v. Baires, No. 1:08-cv-00653-AWI-SKO PC, 2012 WL 2029720, at *3 (E.D. Cal. Jun. 5, 2012); Williams v. Adams, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

Courts in the Eastern District of California have required that at a minimum "[t]he moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel; (2) which of the defendant's responses are disputed; (3) why he believes the defendant's responses are deficient; (4) why the defendant's objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575, *1 (E.D. Cal. September 21, 2009). The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.     Production of Documents**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007), citing In re Bankers Trust Co., 61 F.3d 465, 469

(6th Cir. 1995); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

### C.     Interrogatories

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a).

The responding party is obligated to respond to the interrogatories to the fullest extent possible. See Fed. R. Civ. P. 33(b)(3). Any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. Haney v. Saldana, 2010 WL 3341939 at *3 (E.D. Cal. Aug. 24, 2010). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

All grounds for objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); see Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" the basis for objection); see also Mancia v. Mayflower Textile Services Co., 253 F.R.D. 354, 358 (D.MD. 2008) (boiler-plate objections waived any legitimate objections responding party may have had); Chubb Integrated Sys., Ltd. v. National Bank of Wash., 103 F.R.D. 52, 58 (D.D.C. 1984) (the objecting party must state reasons for any objection, "irrelevant" did not fulfill party's burden to explain its objections); Mitchell v. National R.R. Passenger Corp., 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how request or interrogatory is overbroad or unduly burdensome); Pulsecard, Inc. v. Discovery Card Services, Inc., 168 F.R.D. 295, 310 (D. Kan. 1996) (objection on grounds as vague and ambiguous

overruled if reason and common sense to attribute ordinary definitions to terms and phrases provided needed clarity).

### III.  DISCUSSION

#### A.  Plaintiff's July 17, 2012 Request for Production of Documents

**Request:** "[P]rior grievances, appeals, CDC 602's, complaints, staff complaints, personnel complaints lodged against Defendant Ron D. Hansen, maintained by his employer, the California Department of Corrections and Rehabilitation while assigned at Avenal State Prison, between the dates of June 1, 2006, up to and including, June 1, 2010." (Pl. Mot. to Compel at 3:18-23.)

**Response:** Defendant Hartley objected on grounds the request was served within forty-five days of the [then applicable] August 23, 2012 discovery cut-off date, and therefore untimely. (Def.'s Opp'n at Ex. B.)

**Ruling:** Plaintiff argues he served this discovery request "well before the discovery cut-off date." (Pl. Mot. Compel at 1.) Plaintiff is mistaken. Defendant's objection is sustained as to the then applicable discovery deadline. Plaintiff's request was served on July 17, 2012 and was untimely under the then controlling discovery cut-off date of August 23, 2012.

However, for good cause shown the Court will further amend the Discovery and Scheduling Order as amended to extend the discovery cut-off date and dispositive motion deadlines and direct Defendant Hartley to make a further response to Plaintiff's above request.

#### B.  Defendants' May 3, 2012 Set One Interrogatories and Request for Production of Documents

**Interrogatory No. 1**: "Identify all witnesses (if the witness is an inmate include their CDCR number) that were present that support your allegations that on June 17, 2008, Defendant Hansen used excessive force against you, as alleged in your second amended complaint."

**Response:** "Three presently unnamed State prisoner witnesses [under security

privilege, privacy rights and express desires of these individuals to remain unnamed pending appointment of counsel and/or protective orders, they have agreed to appear, testify to June 17, 2008 observations; owing to Defendants current practices of threatening, harassing, intimidating such prisoner witnesses, which includes placement in Ad Seg, transferring, unannounced searches and confiscation of property, and creating circumstances resulting in physical abuse, they will not be exposed until their protection may be assured]".

**Ruling:** Plaintiff objects to disclosure on grounds of inmate security and privacy. Plaintiff's objection is overruled and Defendants' motion to compel a further response is granted.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b).

The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. Engl v. Aetna Life Ins. Co., 139 F.2d 469, 472 (2d Cir. 1943). Disclosure of names and addresses of witnesses is generally a matter of right. U.S. v. Chatham City Corp., 72 F.R.D. 640, 644 (S.D. Ga. 1976); Bell v. Swift & Co., 283 F.2d 407, 409 (5th Cir. 1960); see Lesser v. Wildwood, 2003 WL 22228757 at *3, *4 (S.D.N.Y. September 29, 2003) (defendant required to respond to plaintiff's interrogatory requesting names of all witnesses with knowledge or information relevant to subject matter of action).

Plaintiff has not shown good cause to protect the unidentified inmate witnesses from annoyance or oppression under Rule 26(c). Under liberal discovery principles of federal rules, those opposing discovery are required to carry a heavy burden of showing why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Party seeking protective order bears burden of demonstrating "good cause" required to support such order; it is moving party's burden to show "particular need" for

protection. <u>Great West Life Assur. Co. v. Levithan</u>, 152 F.R.D. 494, 496 (E.D. Pa. 1994)

**Request for Production No. 3:** "Produce any and all documents that support your claim that Defendants Hansen, Hartley and Lewis violated your constitutional rights."

**Response:** These documents have been acquired by Defendants and include Incident Report, and related CDCR documentation which Defendants currently possess.

**Ruling:** Defendants argue that Plaintiff failed to produce, or assert a privilege for, the three inmate-witness affidavits he later identified in his deposition.[1] Defendants' request for a further response is granted. The witness statements are reasonably within the scope of Rule 26 discovery, are covered by Request for Production No. 3, and are in the possession of Plaintiff.

Plaintiff is advised that failure to comply with his discovery obligations may result in the Court limiting the evidence he can present in support of his claim. For example, if Plaintiff fails to reveal a witness who has information regarding a particular contention, that witness may be precluded from testifying about that subject should this matter proceed to trial. <u>See, e.g.</u>, <u>Hindin/Owen/Engelke, Inc. V. Skilstaf, Inc.</u>, 2003 WL 25667624, *2 (C.D.Cal. Feb.7, 2003). Failure to comply with this Order may also result in other sanctions, including dismissal of this action. Fed. R. Civ. Proc. 37(b)(2).

**Request for Production No. 5:** "Produce all other documents that support your claims against Defendants Hansen, Hartley and Lewis in this lawsuit."

**Response:** See Responses to Request for Admission and Responses to Interrogatories, which supply and identify all related documents, provisions, statutes and regulations which Defendants have violated that support the allegations and causes of action.

**Ruling:** Defendants similarly argue that Plaintiff failed to produce, or assert a privilege for, the three inmate-witness affidavits he later identified. Defendants' request

---

[1] Attached as Ex. C. To Defs.' Mot. to Compel.

is granted for the reasons stated in the ruling on Request for Production No. 3 above.

### C. Scheduling Order Deadlines

In order to allow time for the parties' further responses consistent with this Order, and for good cause, the Court hereby amends the Discovery and Scheduling Order as amended (Discov. and Sched. as Am., ECF No. 52) such that the Discovery Cut-Off Date shall be April 4, 2013, and the Dispositive Motion Deadline shall be June 13, 2013.

### D. Summary Judgment Opposition Deadline

The Court takes notice that Plaintiff's opposition to Defendant Hartley's Motion for Summary Judgment is due by February 4, 2013. Local Rule 230(l). Given the further responses and deadline extensions above, and Plaintiff's pro se status, the Court finds good cause to extend Plaintiff's deadline to submit opposition to Defendant Hartley's Motion for Summary Judgment to sixty days following service of this Order.

## IV. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Compel further responses to the July 17, 2012 request for production of documents (ECF No. 50) is GRANTED;
2. Defendants' Motion to Compel further responses to their set one interrogatories and request for production (ECF No. 55) is GRANTED;
3. The parties have **thirty (30) days** from the date of service of this order within which to serve their respective further responses;
4. The Discovery and Scheduling Order as amended (ECF No. 52) is hereby further amended such that the Discovery Cut-Off Date shall be April 4, 2013, and the Dispositive Motion Deadline shall be June 13, 2013; and
5. Plaintiff's time to file opposition to Defendant Hartley's Motion for

/////
/////
/////

-9-

Summary Judgment (ECF No. 62) is extended to **sixty (60) days** following service of this Order.

IT IS SO ORDERED.

Dated:  January 31, 2013         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE