# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RON D. HANSEN, et al.,<br><br>　　　　Defendants. | CASE No. 1:09-cv-01924-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT HARTLEY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 62)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I. PROCEDURAL HISTORY

Plaintiff Iren Anderson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 2, 2009 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on the second amended complaint (ECF No. 19) on claims of excessive force against Defendant Correctional Officer Hansen, failure to protect against Defendant Warden Hartley, and failure to intervene against Defendant Correctional Officer Lewis. (ECF No. 20.)

Pending before the Court is Defendant Hartley's motion for summary judgment.[1] (ECF No. 62.) Plaintiff has not filed opposition and the time to do so has expired. (ECF

---

[1] Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Defendant notified Plaintiff of his rights, obligations and methods for opposing Defendant's motion. (ECF No. 63.)

1

No. 73.)

The motion is now deemed submitted. Local Rule 230(*l*).

## II. FACTUAL BACKGROUND

Plaintiff claims that during his incarceration at Avenal State Prison (ASP) Defendant Correction Officer Hansen used excessive force against him, Defendant Correctional Officer Lewis failed to intervene, and Defendant Warden Hartley failed to protect him from Hansen's known propensity for excessive force.

Plaintiff alleges that:

On June 17, 2008, Plaintiff came to Work Exchange from Plant Ops. He was strip-searched by Defendant Hansen. After the search was completed, Defendant Hansen requested that Plaintiff turn around. Instead of complying, Plaintiff ran out of Work Exchange to get rid of contraband (a letter and tobacco) he was carrying.

Defendant Lewis and another officer chased Plaintiff, who then went prone. Defendant Hansen ran up and kicked Plaintiff in the face and stomped on his head. Defendant Lewis placed Plaintiff in handcuffs. When asked why he had run away, Plaintiff stated that he was carrying contraband. Defendant Hansen yelled at Plaintiff and referred to him using derogatory terms. Defendant Hansen then proceeded to drag Plaintiff by his feet through the yard on his face, slashing the left side of his face. He also placed and kept his boot on Plaintiff's head until he was taken to the medical treatment facility by another officer.

Plaintiff seeks a declaratory judgment, injunctive relief, punitive damages, and compensatory damages.

## III. SUMMARY JUDGMENT STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1)

citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). While the Court may consider other materials in the record not cited to by the parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**IV.     UNDISUPTED FACT[2]**

    1.     Anderson is an inmate in the custody of the California Department of

---

[2] All facts are taken from Defendant Hartley's unopposed separate statement of undisputed facts and the evidence cited therein and are considered undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

|   |   |   |
|---|---|---|
| 1 |   | Corrections and Rehabilitation ("CDCR"). |
| 2 | 2. | At all times relevant to this lawsuit, Anderson was housed at ASP. |
| 3 | 3. | Defendant Hartley is the Warden at ASP. |
| 4 | 4. | Anderson has had no interaction with Warden Hartley. |
| 5-6 | 5. | Warden Hartley did not personally participate in the events of June 17, 2008, that give rise to this lawsuit. |
| 7-9 | 6. | Although Anderson claims that Warden Hartley knew or should have known that Officer Hansen had assaulted other inmates before June 17, 2008, he has no evidence that Warden Hartley had any such knowledge. |
| 10-12 | 7. | Anderson never spoke to Warden Hartley about Officer Hansen, nor did he write to Warden Hartley about Officer Hansen before the events of June 17, 2008. |
| 13-15 | 8. | Anderson has no claim against Warden Hartley beyond his allegation that Warden Hartley had prior knowledge of Officer Hansen's tendency to use excessive force. |
| 16-17 | 9. | Warden Hartley was not aware of any incidents in which Officer Hansen was alleged to have used excessive force prior to June 17, 2008. |

## V.   ANALYSIS

### A.   Supervisor Liability Standard

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676–77, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."[3] Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);

---

[3] Personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

4

accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011).

An inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm, Farmer v. Brennan, 511 U.S. 825, 834 (1994), and that defendant knew of, but disregarded this risk. Id. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Id. at 837.

"A prison official may be held liable for failing to protect an inmate from [a] prison guard if he knew of an excessive risk to inmate health or safety posed by the . . . prison guard and disregarded that risk." Jones v. Ruiz, 2010 WL 3505119, *7 (W.D. Tex. Sept. 2, 2010).

### B. Hartley Not Linked to Alleged Violation[4]

Hartley contends that he had no reason to believe or suspect that Hansen had any propensity for or had used excessive force against inmates, that he did not personally violate Plaintiff's civil rights, and that he can not be held liable for the alleged acts of Hansen and Lewis.

Hartley's undisputed facts show that prior to the alleged June 17, 2008 excessive force event, Hartley had no knowledge of, and no reason to know, Hansen presented an excessive force risk. Hartley was unaware of any allegation Hansen had used excessive force against inmates or of facts suggesting such a risk. Plaintiff admits he never communicated with Hartley about Hansen and in fact never had any interaction with Hartley prior to the June 17th event. Hartley's undisputed facts demonstrate that he was not present at, and did not participate in the alleged June 17th excessive force event.

Notwithstanding having been given multiple extensions of time to do so, Plaintiff has not raised any dispute regarding Hartley's facts or identified any facts which would suggest liability on the part of Hartley. Fed. R. Civ. P. 56(e)(2).

---

[4] The Court declines to reach the balance of Defendant's argument and evidence and no opinion is expressed thereon.

Defendant Hartley has shown by competent evidence that: he did not know of, had no reason to know of, did not participate in, and did not direct the alleged violation on June 17, 2008; that he had no reason to believe Hansen posed a risk of excessive force to Plaintiff; and that he had no reason or opportunity to protect Plaintiff from the alleged violation by Hansen. Hartley is not liable for a failure to protect Plaintiff from the alleged excessive force event occurring on June 17, 2008.

Accordingly, Defendant Hartley's motion for summary judgment should be granted.

## VI.     LEGAL CONCLUSIONS AND RECOMMENDATIONS

Defendant Hartley has carried his burden of demonstrating to the Court that there is no genuine issue of material facts on the issue of failing to protect Plaintiff from excessive force on June 17, 2008. Plaintiff has failed to oppose Hartley's motion and has not made any evidentiary showing rebutting that of Hartley. On such a claim Plaintiff bears the burden at trial. Therefore, no viable § 1983 failure to protect claim against Defendant Hartley has been presented and summary judgment is appropriate on this claim.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that Defendant Hartley's January 9, 2013 motion for summary judgment (ECF No. 62) be GRANTED, the Clerk of the Court enter judgment thereon in favor of Defendant Hartley against Plaintiff, and that this case remain open as to Defendants Hansen and Lewis.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 29, 2013                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE