# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON D. HANSEN, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-01924-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT HARTLEY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 74)**<br><br>**CLERK TO ENTER JUDGMENT IN FAVOR OF DEFENDANT HARTLEY**<br><br>**CASE TO REMAIN OPEN** |

　　　Plaintiff Iren Anderson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 2, 2009, pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

　　　On January 9, 2013, Defendant Warden Hartley moved for summary judgment. (ECF No. 62.) No opposition was filed, even though the time for doing so was extended for many months. On August 30, 2013, the Magistrate Judge issued his findings and his recommendation that Defendant Hartley's motion for summary judgment be granted. (ECF

1 No. 74.) Objections to the findings and recommendations were due by September 17, 2013. (Id.) On September 9, 2013, Plaintiff filed a document entitled "Objections to Magistrate Judge's Findings and Recommendations 'Excusable Neglect' ". (ECF No. 75.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis and application of law.

Plaintiff's "Objections" rely on his difficulty proceeding pro se in this case. He notes his poor education, limited ability to get to the law library (and then only sporadically), and lack of help from other inmates. He seeks more time to respond.

Plaintiff does not, however, identify, even in lay terms, any aspect of the findings and recommendations with which he disagrees. He does not suggest any of the facts upon which the findings and recommendations rely are erroneous. He does not challenge the Magistrate Judge's conclusion that there is no basis for attributing liability to Warden Hartley. Indeed, since there are no facts suggesting the Warden participated directly or indirectly in the events giving rise to this case or that he had any advance warning or knowledge of them until after the event, there is no legal basis for holding him in the case (which may still proceed against the other named Defendants).

Plaintiff has not identified anything more he might hope to bring before the Court if he were given additional time to search for it. He fails to identify any facts essential to his opposition that are unavailable, why they are unavailable, and when and how he proposes to acquire them. He provides nothing justifying relief under Fed. R. Civ. P. 56(d)(e).

Even if the contrary were true, the history of this motion satisfies the undersigned that no useful purpose would be served in giving Plaintiff yet additional time to seek opposition law or facts. Hartley's motion for summary judgment was filed January 9, 2013. Plaintiff's opposition originally was due February 4, 2013. Local Rule 230(*l*). Plaintiff has since been the beneficiary of some four extensions of time totaling in excess of six months in duration. He has had ample opportunity to prepare and file opposition.

1  In sum, nothing in Plaintiff's Objections suggests good cause for a further extension
2  of time or that any extension would be productive. The findings and recommendation will be
3  adopted as the order of this Court.
4  Accordingly, it is HEREBY ORDERED that:
5  1. The Court adopts the findings and recommendations filed August 30, 2013
6  (ECF No.74) in full;
7  2. Defendant Hartley's January 9, 2013 motion for summary judgment (ECF No.
8  62) is GRANTED;
9  3. The Clerk of the Court shall ENTER JUDGMENT in favor of Defendant
10  Hartley against Plaintiff; and
11  4. This case shall REMAIN OPEN as to Defendants Hansen and Lewis.

IT IS SO ORDERED.

Dated:  **September 13, 2013**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE