1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8
9

EASTERN DISTRICT OF CALIFORNIA

10
11    IREN ANDERSON,                              Case No. 1:09-cv-01924-LJO-MJS (PC)
12                         Plaintiff,              **ORDER DENYING PLAINTIFF'S MOTION**
                                                   **FOR RECONSIDERATION OF ORDER**
13           v.                                    **GRANTING SUMMARY JUDGMENT IN**
                                                   **FAVOR OF DEFENDANT HARTLEY**
14
15    RON D. HANSEN, et al.,                       **(ECF No. 82)**
16
                         Defendants.
17
18
19          Plaintiff Iren Anderson, a state prisoner proceeding pro se and in forma pauperis,

20    filed this civil rights action on November 2, 2009 pursuant to 42 U.S.C. § 1983. The matter

21    originally proceeded on claims of excessive force against Defendant Hansen, failure to

22    protect against Defendant Hartley, and failure to intervene against Defendant Lewis. On

23    September 13, 2013, the undersigned adopted findings and recommendations granting

24    Defendant Hartley's motion for summary judgment.

25          Before the Court is Plaintiff's motion for reconsideration of the order granting

26    summary judgment in favor of Defendant Hartley. Plaintiff argues summary judgment

27    should be reconsidered because (1) Plaintiff may have located documents potentially

28    showing inmate excessive force complaints against Defendant Hanson, suggesting Hartley,

1

1 | a supervisor, knew or should have known of Hansen's propensity to use of excessive force,

2 | and (2) Plaintiff was unable to present this evidence earlier because of his incarceration,

3 | lack of assistance from other inmates, and a facility transfer on September 17, 2013. The

4 | motion for reconsideration shall be denied for the reasons stated below.

5 | **I.      LEGAL STANDARD**

6 | Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

7 | justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent

8 | manifest injustice and is to be utilized only where extraordinary circumstances exist.

9 | Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in

10 | relevant part, that Plaintiff show "what new or different facts or circumstances are claimed

11 | to exist which did not exist or were not shown upon such prior motion, or what other

12 | grounds exist for the motion," and "why the facts or circumstances were not shown at the

13 | time of the prior motion."

14 | **II.      ANALYSIS**

15 | Plaintiff is not entitled to reconsideration. Firstly, Plaintiff does not cite to any newly

16 | discovered evidence. He refers to unspecified documents, not in his possession, which

17 | potentially could show a practice of excessive force by Defendant Hansen. He concludes

18 | Defendant Hartley must have known of these documents because Hartley was a

19 | supervisor. However, such argument as to the contents of these alleged documents,

20 | Hartley's awareness thereof, and inference therefrom is purely speculative. Hartley is not

21 | liable based solely on his supervisory status. Plaintiff was so advised in the findings and

22 | recommendations. The instant motion does not demonstrate or even suggest Defendant

23 | Warden Hartley participated directly or indirectly in the events giving rise to this case or that

24 | he had any advance warning or knowledge of them until after the event.

25 | Secondly, Plaintiff's suggestion his incarceration, lack of assistance from other

26 | inmates, and September 17, 2013 facility transfer made the documents unavailable to

27 | oppose summary judgment is unavailing. The summary judgment motion was filed in

28 | January 2013. Plaintiff's opposition originally was due February 4, 2013. Local Rule 230(*l*).

1   Plaintiff has since been the beneficiary of some four extensions of time totaling in excess of

2   six months in duration. He has had ample opportunity to prepare and file opposition. Yet he

3   failed to oppose summary judgment notwithstanding Court order that he do so.

4          Plaintiff's objections to findings and recommendations granting Hartley's summary

5   judgment motion, which objections were filed prior to September 17, 2013, did not identify

6   any point of disagreement or factual or legal error. Nor does the instant motion challenge

7   the Court's conclusion there is no basis for attributing liability to Defendant Hartley, or

8   suggest facts essential to such challenge are unavailable to Plaintiff so as to justify relief

9   under Fed. R. Civ. P. 56(d)(e).

10          Finally, Plaintiff cites to no error of law or fact in the Court's decision to grant

11   Hartley's motion for summary judgment. Plaintiff does not dispute the Court's factual

12   analysis and its application of law to facts.

13          In summary, Plaintiff does not provide any reason for the Court to reconsider its

14   grant of summary judgment in favor of Defendant Hartley. Plaintiff's mere disagreement is

15   not a sufficient basis for reconsideration. "A motion for reconsideration should not be

16   granted, absent highly unusual circumstances, unless the district court is presented with

17   newly discovered evidence, committed clear error, or if there is an intervening change in

18   the controlling law" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d

19   873, 880 (9th Cir. 2009). It is not enough to merely disagree with the Court's decision or

20   simply restate that already considered by the court. United States v. Westlands Water Dist.,

21   134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Reconsideration is not a vehicle by which to

22   obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands

23   Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d

24   242, 250 (9th Cir. 1989).

25   /////

26   /////

27   /////

28   /////

3

**III.     <u>ORDER</u>**

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the order granting summary judgment in favor of Defendant Hartley (ECF No. 82) is DENIED.

IT IS SO ORDERED.

Dated:   <u>**November 13, 2013**</u>          <u>**/s/ Lawrence J. O'Neill**</u>
                                            UNITED STATES DISTRICT JUDGE