# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IREN ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON D. HANSEN, et al.,<br><br>　　　　Defendant(s). | Case No. 1:09-cv-01924-MJS (PC)<br><br>**ORDER THAT PLAINTIFF SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO FILE A PRE-TRIAL STATEMENT**<br><br>**(ECF No. 85)** |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on an excessive force claim against Defendant Hansen and a failure to intervene claim against Defendant Lewis.

The pretrial conference is set for August 22, 2014 at 1:30 p.m. Trial is set for September 23, 2014 at 8:30 a.m.

On December 9, 2013, Plaintiff was ordered to file a pre-trial statement by not later than June 27, 2014. (ECF No. 85.) He was advised that any failure to do so could result in dismissal of the action or entry of default. (Id.) Plaintiff has not responded to this order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing*

1  *Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,
2  based on a party's failure to prosecute, failure to obey a court order, or failure to comply
3  with local rules. See, e.g., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal
4  for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
5  1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
6  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
7  local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S.*
8  *Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a
9  court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
10  of prosecution and failure to comply with local rules).

11  In determining whether to dismiss an action for lack of prosecution, failure to obey a
12  court order, or failure to comply with local rules, the Court must consider several factors: (1)
13  the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its
14  docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition
15  of cases on their merits, and (5) the availability of less drastic alternatives. *Thompson*, 782
16  F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at
17  1260-61; *Ghazali*, 46 F.3d at 53.

18  In the instant case, the public's interest in expeditiously resolving this litigation and
19  the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk
20  of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury
21  arises from the occurrence of unreasonable delay in prosecuting this action. *Anderson v.*
22  *Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring
23  disposition of cases on their merits -- is greatly outweighed by the factors in favor of
24  dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage
25  in the proceedings there is little available which would constitute a satisfactory lesser
26  sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this
27  action and is likely unable to pay, making monetary sanctions of little use.
28  Accordingly, it is HEREBY ORDERED THAT:

1. By not later than the above referenced pre-trial conference, Plaintiff shall show cause why this action should not be dismissed, with prejudice, for failure to comply with the Court's order that he file a pre-trial statement (ECF No. 85) and for failure to prosecute, and

2. If Plaintiff fails to show cause, the action will be dismissed, with prejudice.

IT IS SO ORDERED.

Dated:   August 1, 2014                   /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE